NOIE, ESTATE OF, IN RE: ALBRECHT, PETITIONER AND APPELLEE, v. NOIE, EXECUTOR AND APPELLANT.

Ohio Appeals, Tenth District, Franklin County.

No. 6364.   Decided May 17, 1960.

*Mr. George E. Tyack* and *Mr. Lawrence A. Ramey*, for Donna C. Albrecht, petitioner and appellee.

*Messrs. Hamilton & Kramer* and *Mr. Afton A. Griffith*, for Jack R. Noie, executor and appellant.

(GILLEN, P. J., RADCLIFF and COLLIER, JJ., of the Fourth Appellate District, sitting by designation in the Tenth District.)

COLLIER, J. This appeal is directed to the judgment of the Probate Court of Franklin County, authorizing the petitioner, Donna C. Albrecht, a minor twelve years of age, to reinstate her claim for damages against the estate of Gloria Jean Noie, deceased. The facts necessary to understand the questions of law presented are:

On July 10, 1958, Donna C. Albrecht, then twelve years of age, was a passenger in an automobile operated by Gloria Jean Noie. On said date the automobile was involved in an accident resulting in the death of Mrs. Noie. Donna C. Albrecht also sustained certain injuries. On October 28, 1958, Jack R. Noie, the husband of Gloria Jean Noie, was appointed executor of the estate of his deceased wife.

On March 31, 1959, under favor of Section 2117.07, Revised Code, a petition was filed in the Probate Court of Franklin County by Donna C. Albrecht, a minor, by Donald K. Albrecht, her father and next friend, requesting authority to present her claim for damages against said estate to the executor of said estate after the expiration of the time for the presentation of claims as prescribed by Section 2117.06, Revised Code, which is four months after the appointment of such executor. The petition, on its face, shows that it was sworn to on April 30, 1959. A journal entry bearing file mark of March 31, 1959, fixed the date for hearing on the petition on April 13, 1959. Mr. Tyack, the notary public, before whom the petition was verified,

testified that the proper date of verification of the petition was March 30, 1959 and not April 30, 1959, as shown on the jurat.

The assignments of error are:

(1) No proper petition was executed, presented and filed within the nine months period provided for by Section 2117.07, Revised Code. (2) The petition was not brought in the Probate Court by a properly authorized person under Ohio law.

Under the first assignment of error, appellant contends that since the nine month period for filing her petition, as provided in Section 2117.07, Revised Code, expired April 28, 1959, and the petition shows on its face that it was not verified until April 30, 1959, no valid petition was filed within the proper time; that the trial court erred in admitting oral testimony to show that the petition was actually sworn to on March 30, 1959; that the trial court erred in permitting the petition to be amended to show the correct date of verification and that the claim is forever barred.

The courts in Ohio have always been very liberal in permitting amendments to a pleading to subserve the ends of justice. Section 2309.58, Revised Code, provides:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, etc."

And 31 Ohio Jurisprudence, 915, Section 319 reads:

"Generally speaking, amendments to pleadings are liberally allowed in the furtherance of justice. In Ohio, in a certain limited field, a party has the right to amend as of course, and probably no state goes farther in permitting amendments, in the discretion of the court, at any and all stages of an action, and even after verdict and judgment, thus allowing the court a very large discretion in shaping the proceedings to subserve the ends of justice, by correcting mistakes in a proceeding."

Under the circumstances of the present case, on the authorities above quoted, the trial court correctly permitted the petitioner to amend the jurat to show the correct date when the petition was verified. The evidence was properly admitted and was amply sufficient to support the conclusion that a mistake

was made in typing the wrong date on the jurat. This assignment of error is overruled.

Under the second assignment of error, appellant claims there is no authority for the minor petitioner, through her next friend, to institute an action of this kind in the Probate Court: that such action may be brought only by her guardian or guardian ad litem. In support of this contention, appellant relies upon Sections 2111.18 and 2111.23, Revised Code, and claims that Section 2307.11, Revised Code, has no application to an action brought by a minor in the Probate Court. Section 2111.18, Revised Code, provides:

"When personal injury, * * * or damage or loss on account of personal injury * * * is caused to a ward by wrongful act, neglect, or default, which would entitle the ward to maintain an action and recover damages therefor, the guardian of the estate of such ward may adjust and settle said claim with the advice, approval, and consent of the probate court."

And Section 2111.23, Revised Code, provides:

"Whenever a minor or other person under legal disability, for whom no guardian of the estate or of the person and estate has been appointed, is interested in any suit or proceeding in such court, the court *may* appoint a guardian or a guardian ad litem." (Emphasis added.)

And Section 2307.11, Revised Code, provides:

"The action of an insane person must be brought by his guardian; and of an infant by his guardian or next friend. When the action is brought by his next friend, the court may dismiss it, if it is not for the benefit of the infant, or substitute the guardian, or any person, as next friend."

And Section 2101.32, Revised Code, provides:

"The probate judge shall have the powers, perform the duties, and be governed by the rules and regulations provided for the courts of common pleas and the judges thereof in vacation. The sections of the Revised Code governing civil proceedings in the court of common pleas shall govern like proceedings in the probate court when there is no provision on the subject on Chapters 2101. to 2131., inclusive, Revised Code."

The question to be determined is whether, by the enactment of these statutory provisions, when considered together, it was

the legislative intent to compel all actions and proceedings by a minor in the Probate Court to be brought by a guardian or a guardian ad litem. In answering this question, we must consider the purpose to be accomplished by the enactment of the provisions of these statutes. 37 Ohio Jurisprudence, 504, Section 274. The obvious intention of the legislature was to provide a method for a minor to bring an action and to protect the interest of the minor in matters in litigation.

It will be observed that Section 2111.18, Revised Code, authorizes the guardian of the estate of the minor to adjust and settle claims for personal injuries; and Section 2111.23, Revised Code, provides that when a minor, for whom no guardian has been appointed, is interested in a suit or proceeding in the Probate Court, the Court *may* appoint a guardian or guardian ad litem. Section 2307.11, Revised Code, provides that an action of an infant in the Common Pleas Court must be brought by his guardian or next friend, and Section 2101.32, Revised Code, provides that the same rules governing civil proceedings in the Common Pleas Court shall govern like proceedings in the Probate Court, when there is no provision on the subject in Chapters 2101 to 2131, Revised Code.

Unless we construe Section 2111.23, Revised Code, as a mandatory provision, requiring the Probate Court to appoint a guardian or guardian ad litem for every minor who is interested in a suit or proceeding in the Probate Court, there is no reason why the provisions of Section 2101.32, Revised Code, should not apply, allowing the action to be brought by a next friend. Section 2111.23, Revised Code, employs the permissive form, "may," and not the mandatory form, "must." Under this statute, the Probate Court may appoint a guardian for the suit, but is not required to do so. The Probate Court is given some discretion in the matter.

The nature of the suit or proceeding should also be considered in determining whether it is necessary and proper to appoint a guardian. In the instant case, the minor petitioner has simply requested authority to present her claim to the executor for allowance or rejection. At the present time, there are no funds to be received or administered and no reason for the appointment of a guardian or guardian ad litem.

Our conclusion is, the provisions of Section 2111.23, Revised Code, are directory and not mandatory; that the Probate Court may appoint a guardian for a minor when it is necessary to bring an action in the Probate Court, but is not compelled to do so, and that, in the instant case, the action was properly brought by the minor petitioner, through her father and next friend. The judgment is, therefore, affirmed.

Judgment affirmed.

GILLEN, P. J., and RADCLIFF, J., concur.